IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LACEY DANIEL RAINEY                *
                                      *
                                      *
      v.                               *         Civil No. – JFM-12-241
                                      *
WASHINGTON SUBURBAN      *
SANITARY COMMISSION        *
                                  ******

## **MEMORANDUM**

Plaintiff has brought this action against the Washington Sanitary Commission, his former employer, six of WSSC's present and past Commissioners and WSSC's General Manager, Jerry N. Johnson, under the Fair Labor Standards Act and the Maryland Wage & Hour Law. Discovery has been completed, and WSSC has filed a motion for summary judgment. The motion will be granted.

Prior to the termination of his employment,[1] plaintiff worked as a laborer for WSSC. He worked under a 40-hour flexible schedule, and he and his crew operated under a system of "self-management" and did not receive daily instructions. During the period of time relevant to this law suit, plaintiff worked at sites in Montgomery County and went to the Gaithersburg depot for work tools, materials and equipment.

Plaintiff was permitted to drive a construction vehicle owned by WSSC to and from work. At various times, at least three members of plaintiff's crew commuted from home to work in their own personal vehicles. Plaintiff was not given any job assignments to work on during

---

[1] The reasons for the termination of plaintiff's employment are not relevant to this case.

1

his commute. Nevertheless, he claims that he should be compensated for the time he spent on his commute.

Plaintiff's direct commute from his home to the Gaithersburg depot would have been thirty four and one half miles in length. Instead of driving the construction vehicle home, however, plaintiff left it off at another depot owned and operated by WSSC located in Anacostia, approximately four miles from plaintiff's home. Plaintiff would drop his own personal vehicle at the Anacostia depot in the morning and at night would drive it home. The next work day, he would again drive his personal vehicle to the Anacostia depot and drive a construction vehicle owned by WSSC to the Gaithersburg depot or the work site where he was working. Plaintiff's supervisor did not require him to stop at the Anacostia depot for any reason.

On these facts it is clear that plaintiff is not entitled to any compensation for time spent on his commute. Indeed, to some (particularly WSSC customers and responsible young job applicants who are unable to maintain employment because of law suits such as this) it may appear unseemly that he requests such compensation. He was permitted to drive a WSSC vehicle on his commute. If he had chosen to do, he could have driven it directly to his home rather than stopping off at the Anacostia depot. WSSC provided free fuel, maintenance and repair for the construction vehicle that plaintiff drove on his commute. Of course, the law is well-established that "merely commuting in a government-owned vehicle is insufficient: [a] plaintiff[] must perform additional legally cognizable work while driving to . . . [his] work place in order to compel compensation for the time spent driving." *Adams v. United States*, 471 F.3d 1321, 1325 (Fed. Cir. 2006).

Apparently, it is plaintiff's theory that because the construction vehicle that he used on his commute was used at the work site where he was employed, he was performing a service to

WSSC by driving the vehicle to the work site. However, on his deposition plaintiff admitted that there were thirty to sixty vehicles at the Gaithersburg depot. Moreover, plaintiff often went from the work site to the Gaithersburg depot to pick up necessary tools, material, and equipment (both for which he indisputably was compensated). He was not required to drive directly to the work site and could have used his own vehicle to drive back and forth from his home to the Gaithersburg depot to pick up at vehicle there.

A separate order granting defendants' motion for summary judgment is being entered herewith.


Date:  October 9, 2013           ____/s/_____
                                 J. Frederick Motz
                                 United States District Judge